# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

MOTOWN HISTORICAL MUSEUM, INC.,

    Plaintiff,

vs.

JENNIFER REEVES, A/K/A, JIN JIN REEVES, *et al*,

    Defendants.

2:19-cv-01535-JAD-VCF

**ORDER**

Plaintiff's Motion for Leave to Amend Complaint [ECF No. 55]

    Before the Court is plaintiff Motown Historical Museum, Inc.'s motion for leave to amend the complaint (ECF No. 55). The Court grants the motion: plaintiff has 7 days to file its amended complaint.

**I.    Background**

    The scheduling order set the deadline to amend pleadings on May 12, 2020. (ECF No. 46). Plaintiff Motown filed its motion for leave to amend late on July 10, 2020. (ECF No. 55). Plaintiff seeks leave to file a First Amended Complaint, it wishes to: (1) eliminate its contributory trademark infringement claim; (2) add a new claim for trademark counterfeiting pursuant to 15 U.S.C. Section 1114; and (3) to clarify its bases for the causes of action currently pled. (ECF No. 55 at 2-3). Defendants did not file a response.

**II.    Discussion**

    "[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has found that a court may deny as untimely a motion filed after the scheduling order cut-off date where no request to modify the order has been made.

*U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985). The standard for good cause under Rule 16(b) requires the court to evaluate the movant's diligence in attempting to meet the order's requirement and seeking to amend. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607 (9th Cir. 1992). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Under LR 7-2(d), the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.

Plaintiff has not previously sought leave to amend the complaint. The Court notes that the plaintiff filed its motion for leave to amend after the amended pleading deadline. The defendants have not filed oppositions and the time to do so has passed. The defendants have thus consented to the granting of the instant motion. The Court finds that plaintiff has been diligent in filing the motion and that there is no evidence that plaintiff's proposed amendment is made in bad faith, for the purpose of undue delay, or that defendants will be prejudiced. Plaintiff's new claim is closely related to its claims in the original complaint.

Accordingly,

IT IS ORDERED that plaintiff Motown, LLC's motion for leave to amend its complaint (ECF No. 55) is GRANTED.

IT IS FURTHER ORDERED that plaintiff has until Wednesday, August 5, 2020 to file its amended complaint.

IT IS SO ORDERED.

DATED this 29th day of July 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE